UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **Kevin Crowley,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-00498 (APM) |
| | ) | |
| **Tom Vilsack,** | ) | |
| Secretary, U.S. Department of Agriculture | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Kevin Crowley filed this lawsuit against Tom Vilsack, former Secretary of the United States Department of Agriculture ("USDA" or "Defendant"), under the Rehabilitation Act, which prohibits federal employers from discriminating and retaliating against employees based on a disability.  *See* 29 U.S.C. § 794(a); 42 U.S.C. § 12203(b).[1]  Plaintiff alleges that his employer, the USDA, retaliated against him by placing him on a Performance Improvement Plan ("PIP") in response to his request for a workplace accommodation for his disability.

This matter is before the court on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.  Defendant seeks dismissal under Federal Rule of Civil Procedure

---

[1] In his Complaint, Plaintiff states that he is seeking relief under the Rehabilitation Act, but cites 42 U.S.C. § 12101, *et seq*., which is the Americans with Disabilities Act (the "ADA").  Both the Rehabilitation Act and the ADA protect against workplace discrimination on the basis of disability, but the Rehabilitation Act provides the sole remedy for federal employees alleging such discrimination.  *See Desmond v. Mukasey*, 530 F.3d 944, 952 (D.C. Cir. 2008) ("The Rehabilitation Act bars federal agencies from discriminating against employees with disabilities"); *Graffius v. Shinseki*, 672 F. Supp. 2d 119, 125 (D.D.C. 2009) ("Section 501 of the Rehabilitation Act, codified at 29 U.S.C. § 791, is the exclusive remedy for federal employees alleging that federal agencies engaged in disability discrimination.").  The standards applied to both statutes are the same.  *See* 29 U.S.C. § 794(d) ("The standards used to determine whether this section has been violated . . . shall be the standards applied under [the ADA]."); *see also Solomon v. Vilsack*, 763 F.3d 1, 5 (D.C. Cir. 2014).

12(b)(6), on the ground that Plaintiff fails to plead an adverse employment action, which is a necessary element to a retaliation claim. Alternatively, Defendant asks the court to enter summary judgment in its favor—even though Plaintiff has not been afforded the opportunity to take any discovery—on the grounds that Plaintiff can neither (1) establish the causation element of his retaliation claim, nor (2) show that Defendant's legitimate, non-retaliatory reasons for placing him on a PIP were pretext for discrimination.

For the reasons stated below, the court denies Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

## II.  BACKGROUND[2]

Plaintiff worked for years as a Supervisory Information Technology Specialist at the Food Safety and Inspection Service of the USDA in Washington, D.C.. Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.], Def.'s Stmt. of Material Facts, ECF No. 6-1 [hereinafter Def.'s Stmt.], ¶¶ 6, 19; Pl.'s Opp'n to Def.'s Mot., ECF No. 8 [hereinafter Pl.'s Opp'n], Pl.'s Stmt. of Material Facts, ECF No. 8-1 [hereinafter Pl.'s Stmt.], ¶¶ 6, 19; Compl., ECF No. 1 [hereinafter Compl.], ¶ 1. In 2008, Plaintiff was diagnosed with spinal stenosis and arterial insufficiency, conditions which caused him back and leg pain and made it difficult for him to move. Compl. ¶¶ 12–15. Though he did not make a formal request for accommodation, Plaintiff's employer allowed him to telework two days per week starting in May 2013. *Id*. ¶¶ 17–18.

Sometime in January 2015, Plaintiff was informed by his immediate supervisor, Charles Thompson, that two senior-level officials—Janet Stevens and Jennifer Sisto—did not like Plaintiff's teleworking arrangement. *Id*. ¶ 21. Apparently, that warning prompted Plaintiff, in

---

[2] Because Defendant has moved to dismiss for failure to state a claim and for summary judgment, the court will construe all factual allegations in the Complaint, as well as all record facts, whether disputed or undisputed, in the light most favorable to Plaintiff.

mid-February 2015, to make a formal request for an accommodation that would permit him to telework "four days per pay period." Def.'s Stmt. ¶ 16; Pl.'s Stmt. ¶ 16. The Complaint does not indicate whether Defendant ever acted on Plaintiff's request. However, Plaintiff continued, with rare exception, to telework two days per week from the time he made his formal request until he retired in December 2015. Compl. ¶ 44; Def.'s Stmt. ¶ 19; Pl.'s Stmt. ¶ 19.

On April 10, 2015, Plaintiff was placed on a Performance Improvement Plan ("PIP"). Def.'s Mot., Attach. 4, ECF 6-3, at 48–49 [hereinafter Email from Elamin Osman]. According to Plaintiff, his supervisor, Thompson, told him that he did not believe the PIP was justified. Compl. ¶¶ 35–36. Further, according to Plaintiff, Thompson believed that his supervisors—Stevens and Sisto—had directed Thompson to impose the PIP "probably . . . because of the telework schedule." Compl. ¶¶ 34, 37. Sisto denies that she acted with retaliatory intent. Def.'s Reply, ECF No. 11, Ex. 1, Decl. of Jennifer Sisto, ECF No. 11-1 [hereinafter Sisto Decl.], ¶¶ 16, 20. In an affidavit for this litigation, Sisto states that Plaintiff was placed on a PIP as "a result of [Plaintiff's] continued unacceptable performance of his duties over several months." *Id.* ¶ 20. Plaintiff then filed a formal Equal Employment Opportunity complaint on or about June 22, 2015. Def.'s Stmt. ¶ 2; Pl.'s Stmt. ¶ 2.

On March 15, 2016, Plaintiff filed suit in this court under the Rehabilitation Act, advancing only a single claim—that Defendant retaliated against him for engaging in protected activity. *See* Compl. ¶¶ 115–20. Defendant moved the court to dismiss, or in the alternative, grant summary judgment in his favor. That motion is now ripe and properly before the court.

### III.   LEGAL STANDARD

#### A.   Motion to Dismiss Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the plaintiff's complaint meets this requirement. In so doing, the court accepts the plaintiff's factual allegations as true and "construe[s] the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), *aff'd en banc*, 628 F.2d 199 (1980)). The court need not accept as true, however, either "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, then the court must grant the defendant's Rule 12(b)(6) motion and dismiss the complaint. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

    **B.**    **Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A "genuine dispute" of a "material fact" exists when the fact is "capable of affecting the substantive outcome of the litigation" and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Elzeneiny v. District of Columbia*, 125 F. Supp. 3d 18, 28 (D.D.C. 2015).

In assessing a motion for summary judgment, the court looks at the facts in the light most favorable to the nonmoving party and draws all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To defeat a motion for summary judgment, the nonmoving party must put forward "more than mere unsupported allegations or denials"; its opposition must be "supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial" and that a reasonable jury could find in its favor. *Elzeneiny*, 125 F. Supp. 3d at 28 (citing Fed. R. Civ. P. 56(e)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## IV.   DISCUSSION

### A.   Defendant's Motion to Dismiss

Defendant moves to dismiss on the ground that Plaintiff failed to plead an "adverse action," a requisite element of a retaliation claim. *See* Def.'s Mot., Def.'s Mem. in Supp., ECF No. 6-2 [hereinafter Def.'s Mem.], at 1, 4–5. Specifically, Defendant contends that placing Plaintiff on a PIP was not a materially adverse action because it did not cause a "significant change in [his] employment status," i.e., it did not change his salary, grade, or performance appraisal. *Id*. at 4–5. That contention misapprehends the law.

Defendant relies on cases that stand for the proposition that an employment action is not "materially adverse" unless it causes a "significant change in employment status." Def.'s Mem. at 4 (quoting *Douglas v. Donovan*, 558 F.3d 549, 553 (D.C. Cir. 2009) and citing *Taylor v.*

*Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003)). But those authorities are inapposite, because they concern the definition of adversity applicable to *discrimination* claims, not *retaliation* claims. There is a difference. "'Adverse actions' in the retaliation context encompass a broader sweep of actions than those in a pure discrimination claim." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 n.4 (D.C. Cir. 2008). In the retaliation context, instead of requiring a significant change in employment status to constitute adversity, an action is adverse if it would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006).

As a result of this broader definition of adversity, courts in this jurisdiction consistently have held that the imposition of a PIP—even one that does not result in a negative impact on salary, grade or performance appraisal—can constitute an adverse action. *Hayes v. Sebelius*, 762 F. Supp. 2d 90, 108 (D.D.C. 2011); *Kelly v. Mills*, 677 F. Supp. 2d 206, 225–26 (D.D.C. 2010); *Chowdhury v. Bair*, 604 F. Supp. 2d 90, 96–97 (D.D.C. 2009); *see also Francis v. Perez*, 970 F. Supp. 2d 48, 67 (D.D.C. 2013), *aff'd per curiam*, No. 13-5333, 2014 WL 3013727 (D.C. Cir. May 16, 2014) (mem.) (holding that a PIP was materially adverse with respect to both discrimination and retaliation claims). Here, Plaintiff alleges that the USDA placed him on a PIP because he engaged in protected activity—requesting to telework four days per pay period. Compl. ¶¶ 27, 115–116; Def.'s Stmt. ¶ 16; Pl.'s Stmt. ¶ 16; *Solomon*, 763 F.3d at 5 (holding that "the act of requesting in good faith a reasonable accommodation is protected activity under the Rehabilitation Act"). At the pleading stage, that is a sufficient allegation of an adverse action to support a claim of retaliation. Accordingly, the court denies Defendant's Motion to Dismiss.

### B. Defendant's Motion for Summary Judgment

Defendant's motion for summary judgment, in the alternative, comes before Plaintiff has had any opportunity to take discovery. Defendant faces an uphill battle, as awarding summary judgment, in the present posture, is disfavored. *See Celotex Corp.*, 477 U.S. at 322; *Liberty Lobby*, 477 U.S. at 257 (explaining that a plaintiff must present affirmative evidence to defeat summary judgment, but only so "long as the plaintiff has had a full opportunity to conduct discovery"). For that reason, the Court of Appeals has directed trial courts to grant requests by nonmoving parties seeking additional time to take discovery under Rule 56(d) "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995); *see also Khan v. Parsons Global Servs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005) ("The court has long recognized that a party opposing summary judgment needs a reasonable opportunity to complete discovery before responding to a summary judgment motion and that insufficient time or opportunity to engage in discovery is cause to defer decision on the motion." (internal quotation marks omitted)). It is not enough, however, for the nonmoving party simply to state in conclusory fashion that additional time for discovery is needed. Instead, the nonmoving party must submit an affidavit that "state[s] with sufficient particularity . . . why discovery [is] necessary." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (internal quotation mark omitted). In *Convertino v. U.S. Department of Justice*, the Court of Appeals explained that a Rule 56(d) affidavit must satisfy three requirements:

> First, it must outline the particular facts [the movant] intends to discover and describe why those facts are necessary to the litigation. Second, it must explain why [the movant] could not produce [the facts] in opposition to the motion [for summary judgment]. Third, it must show the information is in fact discoverable.

684 F.3d 93, 99–100 (D.C. Cir. 2012) (internal quotation marks and citations omitted).

Here, Defendant seeks entry of summary judgment in its favor on two grounds: (1) Plaintiff cannot establish a causal link between his protected activity and the adverse employment action;[3] and (2) Plaintiff has not offered evidence that the USDA's reasons for its actions were a pretext for discrimination. *See* Def.'s Mem. at 1, 8. The court, however, declines to enter judgment in Defendant's favor on either ground before Plaintiff has had the opportunity to take discovery. *See* Fed. R. Civ. P. 56(d)(1), (2) (authorizing a court to "defer considering the motion or deny it" or "allow time to obtain affidavits or declarations or to take discovery" if the nonmovant has shown that "it cannot present facts essential to justify its opposition").

Plaintiff's counsel has submitted a Rule 56(d) affidavit that easily satisfies the three *Convertino* factors. *See* Pl.'s Opp'n, Ex. 1, ECF No. 8-2. In particular, Plaintiff's counsel explains that he intends to depose Plaintiff's former supervisor, Thompson, who is expected to testify that he told Plaintiff that Plaintiff "was placed on a PIP due to his reasonable accommodation request." *Id.* ¶ 5. Such evidence, if obtained, could demonstrate both (1) that a causal link exists between Plaintiff's accommodation request and the PIP, and (2) that Defendant's non-retaliatory reason for imposing the PIP was pretextual. As previously explained, courts should grant a nonmoving party additional time to seek relevant discovery unless the party has not diligently pursued it. *See Convertino*, 684 F.3d at 99. Here, Plaintiff has

---

[3] Although Defendant did not move to dismiss the Complaint for failure to plead a causal link, the court notes that the two-month period between Plaintiff's protected activity, Def.'s Stmt. ¶ 16; Pl.'s Stmt. ¶ 16 (Plaintiff made his accommodation request to telework four days per pay period on February 10, 2015), and the adverse action, *see* Email from Elamin Osman (showing that PIP was imposed on April 10, 2015), is sufficient, at this stage, to establish an inference of causation. *See Hamilton v. Geithner*, 666 F.3d 1344, 1358 (D.C. Cir. 2012) (stating, in a case under Title VII of the Civil Rights Act of 1964, that "temporal proximity can . . . support an inference of causation, but only where the two events are very close in time" and that typically three months is the outer limit).

satisfied the requirements of Rule 56(d), thereby warranting an opportunity for discovery before the court addresses the merits of Defendant's summary judgment motion.[4]

## V. CONCLUSION AND ORDER

For the foregoing reasons, the court denies Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.[5]

Dated: February 15, 2017

Amit P. Mehta
United States District Judge

---

[4] By referring to Thompson's expected testimony only, the court does not mean to imply that discovery will be limited to deposing Thompson.  Plaintiff will be permitted to seek relevant discovery consistent with Rule 26 of the Federal Rules of Civil Procedure.

[5] In light of the court's ruling, Plaintiff's Motion for Leave to File Surreply, ECF No. 12, is denied as moot.